IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THINKBEAN, LLC; and FITELEPHANTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOE YBARRA, JR.; and FOCAL 55, INC., <br><br> Defendants. | CIVIL ACTION NO.: 4:22-cv-85 |

**FINAL JUDGMENT OF PERMANENT INJUNCTION**

Now before the Court is the Parties' Joint Motion For Entry of Final Judgment of Permanent Injunction and the Parties' Stipulation for Entry of Final Judgment of Permanent Injunction. Plaintiffs, Thinkbean, LLC and FitElephants LLC, have filed a Complaint Under Defense of Trade Secret Act for permanent injunction and other relief against the Defendants, Joe Ybarra, Jr. and Focal 55, Inc.

Defendants, without admitting the allegations in the Complaint, consent to entry of this Final Judgment of Permanent Injunction pursuant to 18 U.S.C. § 1836.

Defendants waive the entry of findings of facts and conclusions of law under the Federal Rules of Civil Procedure and 18 U.S.C. § 1836.

Defendants enter into this Final Judgment of Permanent Injunction voluntarily, and waive any right they may have to appeal from the Final Judgment of Permanent Injunction.

Defendants consent to entry of this Final Judgment of Permanent Injunction without further notice, and agree that this Court shall retain jurisdiction for the purpose of implementing and enforcing this Final Judgment of Permanent Injunction.

Defendant consents that this Final Judgment of Permanent Injunction resolves only this civil injunction action and does not preclude Plaintiffs from pursuing other current or future civil or criminal matters or proceedings.

Upon consideration of the Motion, the Stipulation, and the Complaint, the Court GRANTS the Motion.  Therefore, and pursuant to the Parties' Stipulation for Entry of Judgment, it is accordingly ORDERED, ADJUDGED, AND DECREED that:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).  This action is brought pursuant to the Federal Defend Trade Secrets Act, which states that "the district courts of the United States shall have original jurisdiction of civil actions brought under [18 U.S.C. §1836]."  18 U.S.C. § 1836(c).

2. The Court has personal jurisdiction over Defendants.

3. The Court finds that "trade secret information" is defined by 18. U.S.C. § 1839(3) to mean all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically or in writing that Plaintiffs have taken reasonable measures to keep secret and derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable, the disclosure of which could result in a competitive or other disadvantage to Plaintiffs.

4. The Court finds that Defendants have consented to the entry of judgment for injunctive relief pursuant to 18 U.S.C. § 1836 to prevent them from misappropriating trade secrets.

5. It is further ORDERED, ADJUDGED, AND DECREED that Defendants, their agent, servants, employees, and attorneys, and any person or entities acting in concert with or participating with them, shall return to Thinkbean and/or FitElephants any and all records, information, and/or documents, in any form, containing trade secret information of Thinkbean and/or FitElephants, including the source code and software codebase associated with the FitElephants' web application;

6. It is further ORDERED, ADJUDGED, AND DECREED that Defendants, their agent, servants, employees, and attorneys, and any person or entities acting in concert with or participating with them, are **PERMANENTLY ENJOINED AND RESTRAINED FROM,** directly or indirectly:

   a. possessing, disclosing (other than to Plaintiffs pursuant to Paragraph 5), transmitting (other than to Plaintiff pursuant to Paragraph 5), and using, for any purpose, trade secret information of Thinkbean and/or FitElephants, including the source code and software codebase associated with the FitElephants' web application; and

   b. further accessing trade secret information of Thinkbean and/or FitElephants, including the source code and software codebase associated with the FitElephants' web application.

7. It is further ORDERED, ADJUDGED, AND DECREED that Defendants shall within 30 days of entry of this final judgment of permanent injunction, file a certification signed under penalty of perjury that Defendants have complied with paragraph 6 above.

8. It is further ORDERED, ADJUDGED, AND DECREED that Defendants shall not and are prohibited from making any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that misrepresent any of the terms of this final judgment of permanent injunction.

9. It is further ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Final Judgment.

10. It is further ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Final Judgment.

11. It is further ORDERED, ADJUDGED, AND DECREED that Defendants have waived any right to appeal from this Final Judgment.

12. It is further ORDERED, ADJUDGED, AND DECREED that, pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, entry of the judgment in this case binds the following who receive actual notice of it by personal service or otherwise:

  a. Defendants, Joe Ybarra, Jr. and Focal 55, Inc.;

  b. Defendants' officers, agents, servants, employees, and attorneys; and

  c. other persons who are in active concert or participation with anyone described in (a) or (b).

13. It is further ORDERED, ADJUDGED, AND DECREED that this Final Judgment resolves only this civil injunction action and does not preclude Plaintiffs from pursuing other current or future civil or criminal matters or proceedings.

There being no just reason for delay, the Clerk is directed to enter this Final Judgment forthwith.

**SO ORDERED**, this 28th day of July, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA